DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
44 Montgomery Street, Suite 3340
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 421-0912
dmh@helbraunlaw.com

Attorneys for Plaintiff
TROY ALEXANDER RICHARDSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION SCOTT KERNAN, SALINAS VALLEY PRISON WARDEN SHAWN HATTON, SALINAS VALLEY PRISON CASE RECORDS SUPERVISOR N. MONTOYA, SALINAS VALLEY PRISON CORRECTIONAL COUNSELOR QUINTERO, SAN QUENTIN STATE PRISON WARDEN RONALD DAVIS and DOES 1-25, Jointly and Severally,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff TROY ALEXANDER RICHARDSON, by and through his attorneys, the HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

## I. INTRODUCTION

1.      Plaintiff TROY ALEXANDER RICHARDSON (hereinafter referred to as "RICHARDSON") was paroled from Salinas Valley State Prison on July 14, 2016 based upon an accurate calculation of California Department of Corrections "actual time credits" and "local conduct credits" applied to his prison sentence as amended – but on September 12, 2016, he was

1  unlawfully and wrongfully seized by law enforcement officers claiming he had escaped from
2  prison rather than having been released, and was wrongfully returned to prison incarceration
3  through and including June 16, 2017, based upon a purported re-calculation of his correct
4  sentence which was in fact grossly inaccurate. Plaintiff RICHARDSON therefore was wrongfully
5  incarcerated and deprived of his constitutional rights without due process and in violation of State
6  and Federal law for a period of 297 days. This was also contrary to authoritative representations
7  made to Plaintiff in writing by various prison officials in January 2016 that Plaintiff's release date
8  would indeed be in July 2016, upon which representations Plaintiff justifiably relied.

9  <center>**II. JURISDICTION**</center>

10        2.     This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and
11  the statutory and common law of the State of California. Jurisdiction is based upon
12  28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over
13  the state claims.

14  <center>**III. PARTIES**</center>

15        3.     Plaintiff TROY RICHARDSON is an African-American man and citizen of
16  the State of California who resides in San Francisco, California.

17        4.     Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND
18  REHABILITATION (hereinafter referred to as "CDCR") is a California state agency that
19  administers California state prisons, including but not limited to the proper calculation of a prison
20  inmate's sentence or amended sentence, based upon its rules and regulations regarding various
21  factors including any sentencing enhancements, "actual time credits" for time actually
22  incarcerated in prison, and "local conduct credits" for good conduct by the prison inmate while
23  incarcerated, to ensure that a prisoner does not serve more time in prison than the law requires,
24  resulting in unlawful overdetention. The CDCR is also responsible for maintaining accurate
25  records relating to a prison inmate's incarceration sentence to ensure that a prisoner does not serve
26  more time in prison than the law requires, resulting in unlawful overdetention. The CDCR is also
27  responsible for maintaining accurate records relating to a prison inmate's incarceration and
28  CDCR-sanctioned release, to ensure that a prisoner who has already paid his debt to society by

1 serving his allotted sentence in accordance with the applicable sentencing rules and regulations,
2 and who is then duly released on parole, is not incorrectly branded as an escaped prisoner, subject
3 to capture and reincarceration, rather than correctly identified as a duly released prisoner who has
4 served his allotted sentence.

5         5.      Defendant SCOTT KERNAN is the agency executive of the CDCR,
6 commonly referred to as the Secretary of the CDCR. In that capacity, KERNAN at all times
7 material hereto was and is responsible, among other duties, to ensure that employees of the CDCR
8 properly calculate a prison inmate's sentence or amended sentence, based upon CDCR rules and
9 regulations regarding various factors including any sentencing enhancements, "actual time
10 credits" for time actually incarcerated in prison, and "local conduct credits" for good conduct by
11 the prison inmate while incarcerated, to ensure that a prisoner does not serve more time in prison
12 than the law requires, resulting in unlawful overdetention. As Secretary of the CDCR, KERNAN
13 was and is also responsible to ensure that CDCR employees maintain accurate records relating to
14 a prison inmate's incarceration sentence so that a prisoner does not serve more time in prison than
15 the law requires, resulting in unlawful overdetention. As Secretary of the CDCR, KERNAN was
16 and is also responsible to ensure that CDCR employees maintain accurate records relating to a
17 prison inmate's incarceration and CDCR-sanctioned release, to ensure that a prisoner who has
18 already paid his debt to society by serving his allotted sentence in accordance with the applicable
19 sentencing rules and regulations, and who is then duly released on parole, is not incorrectly
20 branded as an escaped prisoner, subject to capture and reincarceration, rather than correctly
21 identified as a duly released prisoner who has served his allotted sentence.

22         6.      Defendant SHAWN HATTON at all material times was the Warden of
23 Salinas Valley State Prison (hereinafter referred to as "SVSP"). In that capacity, HATTON at all
24 times material hereto was and is responsible, among other duties, to ensure that SVSP staff
25 properly calculate a prison inmate's sentence or amended sentence, based upon CDCR rules and
26 regulations regarding various factors including any sentencing enhancements, "actual time
27 credits" for time actually incarcerated in prison, and "local conduct credits" for good conduct by
28 the prison inmate while incarcerated, to ensure that a prisoner does not serve more time in prison

1   than the law requires, resulting in unlawful overdetention. As Warden of SVSP, HATTON was

2   and is also responsible to ensure that SVSP staff maintain accurate records relating to a prison

3   inmate's incarceration sentence so that a prisoner does not serve more time in prison than the law

4   requires, resulting in unlawful overdetention. As Warden of SVSP, defendant HATTON was and

5   is also responsible to ensure that SVSP staff maintain accurate records relating to a prison

6   inmate's incarceration and CDCR-sanctioned release, to ensure that a prisoner who has already

7   paid his debt to society by serving his allotted sentence in accordance with the applicable

8   sentencing rules and regulations, and who is then duly released on parole, is not incorrectly

9   branded as an escaped prisoner, subject to capture and reincarceration, rather than correctly

10  identified as a duly released prisoner who has served his allotted sentence.

11          7.      Defendant N. MONTOYA (first name unknown) at all material times was

12  the Case Records Supervisor at SVSP. In that capacity, defendant MONTOYA at all times

13  material hereto was responsible, among other duties, for ensuring that Plaintiff's, or any other

14  inmate's, sentence and amended sentence was properly calculated based upon CDCR rules and

15  regulations regarding factors including sentencing reductions, court credits, "actual time credits"

16  for time actually incarcerated in prison, and "local conduct credits" for good conduct by Plaintiff,

17  or other inmates, while incarcerated, to ensure that a prisoner does not serve more time in prison

18  than the law requires, resulting in unlawful overdetention. As Case Records Supervisor at SVSP,

19  MONTOYA was and is also responsible to ensure that accurate records were maintained relating

20  to Plaintiff's, or any other SVSP inmate's, incarceration sentence, so that Plaintiff, or any other

21  prisoner, does not serve more time in prison than the law requires. As Case Records Supervisor

22  at SVSP, defendant MONTOYA was and is also responsible for ensuring that SVSP maintained

23  accurate records relating to Plaintiff's, or any other inmate's, incarceration and CDCR-sanctioned

24  release, so that a prisoner who has already paid his debt to society by serving his allotted sentence

25  in accordance with the applicable sentencing rules and regulations, and who is then duly released

26  on parole, is not incorrectly branded as an escaped prisoner, subject to capture and reincarceration,

27  rather than correctly identified as a duly released prisoner who has served his allotted sentence.

28          7.      Defendant QUINTERO (first name unknown) at all material times was a

---

1    Correctional Counselor at SVSP. In that capacity, defendant QUINTERO at all times material

2    hereto was responsible, among other duties, for ensuring that Plaintiff's, or any other inmate's,

3    sentence and amended sentence was properly calculated based upon CDCR rules and regulations

4    regarding factors including sentencing reductions, court credits, "actual time credits" for time

5    actually incarcerated in prison, and "local conduct credits" for good conduct by Plaintiff, or other

6    inmates, while incarcerated, to ensure that a prisoner does not serve more time in prison than the

7    law requires, resulting in unlawful overdetention. As a Correctional Counselor at SVSP,

8    QUINTERO was and is also responsible to ensure that accurate records were maintained relating

9    to Plaintiff's, or any other SVSP inmate's, incarceration sentence, so that Plaintiff, or any other

10   prisoner, does not serve more time in prison than the law requires.   As a Correctional Counselor

11   at SVSP, defendant QUINTERO was and is also responsible for ensuring that SVSP maintained

12   accurate records relating to Plaintiff's, or any other inmate's, incarceration and CDCR-sanctioned

13   release, so that a prisoner who has already paid his debt to society by serving his allotted sentence

14   in accordance with the applicable sentencing rules and regulations, and who is then duly released

15   on parole, is not incorrectly branded as an escaped prisoner, subject to capture and reincarceration,

16   rather than correctly identified as a duly released prisoner who has served his allotted sentence.

17           9.      Defendant RONALD DAVIS at all material times was the Warden of San

18   Quentin State Prison (hereinafter referred to as "SQSP"). In that capacity, DAVIS at all times

19   material hereto was and is responsible, among other duties, to ensure that SQSP staff properly

20   calculate a prison inmate's sentence or amended sentence, based upon CDCR rules and

21   regulations regarding various factors including any sentencing enhancements, "actual time

22   credits" for time actually incarcerated in prison, and "local conduct credits" for good conduct by

23   the prison inmate while incarcerated, to ensure that a prisoner does not serve more time in prison

24   than the law requires, resulting in unlawful overdetention. As Warden of SQSP, defendant

25   DAVIS was and is also responsible to ensure that SQSP staff maintain accurate records relating to

26   a prison inmate's incarceration sentence so that a prisoner does not serve more time in prison than

27   the law requires, resulting in unlawful overdetention. As Warden of SQSP, defendant DAVIS

28   was and is also responsible to ensure that SQSP staff maintain accurate records relating to a prison

1   inmate's incarceration and CDCR-sanctioned release, to ensure that a prisoner who has already
2   paid his debt to society by serving his allotted sentence in accordance with the applicable
3   sentencing rules and regulations, and who is then duly released on parole, is not incorrectly
4   branded as an escaped prisoner, subject to capture and reincarceration, rather than correctly
5   identified as a duly released prisoner who has served his allotted sentence.

6        10.    The true names and capacities of Defendants sued herein as DOES 1-25
7   ("Doe Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such
8   fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names
9   and capacities when the same are ascertained.  At all material times, each Doe Defendant was an
10  employee or agent of Defendant CDCR and/or of Defendants HATTON, DAVIS, and
11  MONTOYA, acting within the course and scope of that employment.

12       11.    Plaintiff is informed and believes and thereon alleges that each of the
13  Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner
14  for the events and happenings as hereinafter described, and proximately caused injuries and
15  damages to Plaintiff.  Further, one or more Doe Defendants were at all material times responsible
16  for the hiring, training, supervision, and discipline of other Defendants, and/or directly responsible
17  for violations of Plaintiff's rights.

18       12.    Each individual defendant is sued in his or her individual and official
19  capacities.

20       13.    Plaintiff is informed and believes, and based upon such information and
21  belief alleges, that each of the defendants was at all material times an agent, servant, employee,
22  partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing
23  the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is
24  further informed and believes, and thereon alleges, that each of the defendants herein gave
25  consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the
26  acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise
27  alleged.

28       14.    At all material times, each defendant was jointly engaged in tortious

---

**COMPLAINT AND JURY DEMAND**

1  activity, resulting in the deprivation of Plaintiff's rights under the United States Constitution and
2  the laws and Constitution of the State of California, and other harm.

3          15.     At all material times, each defendant acted under the color of the laws,
4  statutes, ordinances and regulations of the State of California, and pursuant to the actual customs,
5  policies, practices and procedures of the governmental entity by which they were employed or
6  retained.

7          16.     This complaint may be pled in the alternative pursuant to FRCivP 8(d).
8                          **IV.  STATEMENT OF FACTS**

9          17.     Plaintiff RICHARDSON was originally sentenced on or about May 24,
10 2012 for a felony conviction for California Penal Code Section 211, 2nd degree robbery,
11 committed in 2011 ("the 2011 2nd degree robbery").  On or about June 6, 2012 an Abstract of
12 Judgment issued regarding Plaintiff's sentence for this penal Code violation (hereinafter referred
13 to as, "the Original Abstract of Judgment").

14         18.     The Original Abstract of Judgment provided, *inter alia*, for a 5-year
15 sentence for the 2011 2nd degree robbery conviction, as well as a 5-year enhancement purportedly
16 pursuant to Penal Code Section 12022.5(A), regarding enhancements for use of a firearm in the
17 commission of a felony.  However, there is no 5-year enhancement under Section 12022.5 for
18 commission of a felony using a firearm that is not an "assault weapon" type of firearm, as that
19 term is used in Section 12022.5(B).  The only enhancement applied to Plaintiff's sentence –
20 Section 12022.5(A), the enhancement specifically referenced in the Original Abstract of Judgment
21 – are for 3, 4, or 10 years, **not** for 5 years.

22         19.     The Original Abstract of Judgment also provided, in pertinent part, that
23 Plaintiff was required to serve his sentence "at 85%," rather than 100%.

24         20.     The Original Abstract of Judgment also provided, in pertinent part, that
25 Plaintiff would receive credit for time already spent in custody totaling 392 days, based upon
26 "actual local time" in jail of 212 days, plus "local conduct credits," *i.e.*, "good conduct" credit, of
27 180 days.

28         21.     Subsequently, in or about early 2013, Plaintiff assisted the San Joaquin

1   County District Attorney's Office as a witness testifying on behalf of the prosecution in a separate

2   murder trial.  In exchange for Plaintiff's assistance, he received a reduction in the sentence he was

3   serving for his conviction for the 2011 2nd degree robbery through additional "actual local time"

4   credits towards his sentence.

5            22.    On or about April 22, 2013, an Amended Abstract of Judgment issued

6   regarding Plaintiff's conviction and sentence (hereinafter referred to as, "the April 2013 Amended

7   Abstract of Judgment").   The April 2013 Amended Abstract of Judgment provided for the same 5

8   year sentence for the conviction for the 2011 2nd degree robbery and provided for the same,

9   erroneous, 5-year enhancement under Penal Code Section 12022.5(A), which Section does not in

10  fact provide for any 5-year enhancement, as noted in paragraph 18 above.

11           23.   The April 2013 Amended Abstract of Judgment provided Plaintiff with

12  "actual local time" credits of 863 days – which was 268 more days of actual time served by

13  Plaintiff than the total number of days he had in reality actually served leading up to that time: 212

14  actual time served days, as credited in the original Abstract of Judgment; plus 333 actual time

15  days of incarceration between the May 24, 2012 date of the Original Abstract of Judgment and the

16  April 22, 2013 Amended Abstract of Judgment.  In other words, following his assistance to the

17  San Joaquin District attorney, Plaintiff was effectively granted at least a 268-day additional

18  reduction in his sentence, pursuant to an arrangement with the San Joaquin County District

19  Attorney's Office.

20           24.    The April 2013 Amended Abstract of Judgment also provided "local

21  conduct credits" of 130 days.  Accordingly, as of April 22, 2013, Plaintiff's sentence was deemed

22  credited with a total of 993 days, which was duly noted on the April 2013 Amended Abstract of

23  Judgment.

24           25.    On or about October 27, 2014, a further amended Abstract of Judgment

25  issued with regard to Plaintiff's conviction and sentence for the 2011 2nd degree robbery, which

26  further amended Abstract of Judgment continued to stipulate that Plaintiff receive an additional

27  credit of 863 days, as had been provided for in the April 22, 2013 Amended Abstract of Judgment.

28  The October 27, 2014 further amended Abstract of Judgment shall be hereinafter referred to as

1  "the October 2014 Amended Abstract of Judgment."

2       26.    On or about December 26, 2014, a still further Amended Abstract of
3  Judgment regarding Plaintiff's sentence issued which is hereinafter referred to as "the December
4  2014 Amended Abstract of Judgment." The December 2014 Amended Abstract of Judgment
5  corrected the erroneous firearm enhancement sentence discussed in paragraph 18 above, from a 5-
6  year enhancement, to a 4-year enhancement, per Section 12022.5(A). Accordingly, the December
7  2014 Amended Abstract of Judgment effectively reduced Plaintiff's sentence by one year, or 365
8  days.

9       27.    The December 2014 Amended Abstract of Judgment also specified that as
10  of that date, Plaintiff had a total of 1,510 total days credit towards time served on his sentence,
11  being comprised of 1,313 days of "actual local time" served, plus 197 days of "local conduct
12  credits."

13       28.    In addition, Plaintiff is informed and believes, and thereon alleges, that as
14  of December 26, 2014, he was also properly entitled under CDCR rules and regulations and
15  California law to approximately 800 days credit for good conduct, known as "local conduct
16  credits."

17       29.    On or about January 1, 2016, defendants advised Plaintiff in writing that
18  they had calculated his release date from SVSP as being July 14, 2016, based upon all applicable
19  rules and regulations of the CDCR, California law, and the various amended judgments discussed
20  in paragraphs 17-27, above.

21       30.    Plaintiff reasonably and in good faith relied on the statements of defendants
22  that he would be released on July 14, 2016 in accordance with California law and CDCR rules and
23  regulations.

24       31.    Plaintiff was in fact officially released from SVSP and CDCR custody on
25  or about July 14, 2016, at which time he was paroled by the CDCR, and assigned a parole officer.
26  Plaintiff then dutifully performed all his parole obligations, including but not limited to timely
27  reporting to his parole officer as requested.

28       32.    Plaintiff also reasonably relied on the actual conduct of defendants in

1  officially releasing him from SVSP on or about July 14, 2016, representing to him that his release
2  was in accordance with California law and CDCR rules and regulations, and that he had served
3  his sentence as required by law after correctly applying all applicable sentencing credits as well as
4  the reduction in the sentence enhancement from 5 years to 4 years.  Plaintiff reasonably and in
5  good faith relied on defendants' statements and conduct in this regard to reasonably understand
6  and in good faith believe that he had served his debt to society and completed his prison
7  incarceration term in accordance with the law, and, assuming successful completion of his post-
8  incarceration parole, was entitled to enjoy his liberty as a citizen of the United States and the State
9  of California without further incarceration for the 2011 2nd degree robbery.

10         33.    Plaintiff did in fact observe and obey all conditions of his post-
11  incarceration parole as required by the CDCR for as long as he was permitted to do so by
12  defendants.  Following his official release from prison on July 14, 2016, Plaintiff became engaged
13  to be married, with a wedding date set for October 18, 2016, spent time with his young children,
14  commenced work, and in all other respects returned to life as a free and productive citizen, in
15  reliance upon the statements and conduct of defendants in repeatedly advising him that as of July
16  14, 2017, he had completed his sentence for the 2011 2nd degree robbery and could re-commence
17  his life as a free man.

18         34.    However, on or about September 12, 2016, at the direction of various of the
19  defendants, armed law enforcement officers descended on Plaintiff's residence and seized
20  Plaintiff under threat of force and intimidation, advising him, incorrectly, that he was a prison
21  escapee who they were taking back to prison to be re-incarcerated under threat of deadly force.
22  Plaintiff was afforded neither notice nor an opportunity to be heard regarding defendants'
23  assertion that he supposedly had escaped and/or that he supposedly had not served his required
24  prison sentence and must be returned to incarceration and life as a convict.

25         35.    Plaintiff was taken on or about September 12, 2016 to San Quentin State
26  Prison, where he was put in "the hole" and deprived of all privileges, upon the erroneous basis
27  that Plaintiff was an escaped prisoner, rather than a citizen who had already served his sentence at
28  SVSP and had been duly and properly released from SVSP in accordance with California law and

1 applicable CDCR rules and regulations, as described in paragraphs 29 through 31 above.

2           36.     At all material times, various defendants including but not limited to SQSP
3 Warden DAVIS and Doe defendants working at SQSP failed to make appropriate inquiries and
4 required calculations to properly assess the actual status of Plaintiff as a free citizen who had
5 completed his sentence and had been duly and officially released by CDCR as described in
6 paragraphs 29 through 31 above, and who was not an escaped prisoner and who should not be
7 further imprisoned.

8           37.     Various defendants including but not limited to SQSP Warden DAVIS and
9 Doe defendants working at SQSP wrongfully kept Plaintiff imprisoned even though these
10 defendants knew or should have known that Plaintiff had served his sentence and been duly and
11 properly officially released from SVSP by the CDCR in July 2016 after serving his sentence in
12 accordance with the various amended judgments in his case and the CDCR rules and regulations
13 for accurate calculation of time served and all sentencing credits to which Plaintiff was entitled.

14          38.     Plaintiff was later transferred from SQSP back to SVSP on or about
15 September 16, 2016,, where he was treated as "C Status," meaning as an escaped prisoner, and
16 deprived of all privileges, again, upon the erroneous basis that Plaintiff was an escaped prisoner,
17 rather than a citizen who had already served his sentence at SVSP and had been duly and properly
18 officially released from SVSP in accordance with California law and applicable CDCR rules and
19 regulations, as described in paragraphs 29 through 31 above.

20          39.     At all material times, various defendants including but not limited to SVSP
21 Warden HATTON, SVSP Corrections Counselor QUINTERO, SVSP Case Records Supervisor
22 N. MONTOYA, and those Doe defendants working at SVSP, failed to make appropriate inquiries
23 and required calculations to properly assess the actual status of Plaintiff as a free citizen who had
24 completed his sentence and been duly and properly released by CDCR as described above in
25 paragraphs 29 through 31, and who was not an escaped prisoner and who should not be further
26 imprisoned, nor imprisoned without those privileges afforded those whose conduct has been
27 exemplary, as had Plaintiff's.

28          40.     Various defendants including but not limited to SVSP Warden HATTON,

1   SVSP Corrections Counselor QUINTERO, SVSP Case Records Supervisor N. MONTOYA, and
2   the Doe defendants working at SVSP wrongfully kept Plaintiff imprisoned even though these
3   defendants knew or should have known that Plaintiff had served his sentence and been duly and
4   properly released by the CDCR in July 2016 after serving his sentence in accordance with the
5   various amended judgments in his case and the CDCR rules and regulations providing for
6   accurate calculation of time served and all sentencing credits to which Plaintiff was entitled.

7           41.    Plaintiff and his agents repeatedly, verbally and in writing, protested he re-
8   incarceration and the miscalculation of his sentence and various sentence credits from on or about
9   September 12, 2016 to June 2017. Plaintiff finally obtained an order of release by Court Order on
10   June 5, 2017, however, he was not immediately released. Accordingly, Plaintiff was wrongfully
11   detained and re-incarcerated in prison in violation of State and Federal law from September 12,
12   2016 to and including June 16, 2017 – a period of 277 days, or 9 months and 4 days. During this
13   period, Plaintiff was denied privileges to which prisoners of good conduct would be entitled,
14   including but not limited to enhanced visitation rights, based upon the erroneous and wrongful
15   presumption that Plaintiff had supposedly escaped prison in July 2016 rather than having been
16   duly and properly officially released by the CDCR pursuant to an accurate and correct calculation
17   of Plaintiff's credited days of time spent in custody and other credits to which he was entitled
18   under California law and the various amended judgments in his case.

19           42.    Accordingly, defendants, and each of them, wrongfully imprisoned Plaintiff
20   for 9 months and 4 days, in violation of State and Federal law, and also in violation of their own
21   previous calculations that resulted in their representations to Plaintiff that he would be released on
22   July 14, 2016, and their actual conduct in then actually duly and officially releasing Plaintiff from
23   SVSP on July 14, 2016.

24           43.    On or about November 22, 2016, defendant N. MONTOYA wrote to
25   Plaintiff and stated for the first time that, "due to resentence cases being very complex, your
26   EPRD ("Earliest Possible Release Date") was calculated erroneously at July 14, 2016, due to an
27   administrative oversight," and that "after a recalculation CDCR has to return you to custody on
28   September 12, 2016" – however, as noted, this was written to Plaintiff more than two months

1   **after** September 12, 2016, on November 22, 2016.  On information and belief, Plaintiff alleges

2   that defendant MONTOYA, and other defendants, knew or should have known that under

3   California law and CDCR rules and regulations, Plaintiff was properly released on July 17, 2016

4   and should not have been wrongfully seized and imprisoned again in September 2016.  Plaintiff is

5   informed and believes and thereon alleges that various defendants herein wrongfully sought to

6   have court records purged to remove the 863 days of credit he received after cooperating with the

7   San Joaquin District Attorney.

8        44.   On or about December 1, 2017,  Plaintiff timely and properly caused to be

9   personally delivered to the California State Government Claims Office a claim for injuries, losses

10   and damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all

11   in compliance with the requirements of the California Government Code.

12        45.   On or about February 1, 2018, the California Department of General

13   Services, Government Claims Program ("GCP"), rejected Plaintiff's claim, stating, in pertinent

14   part, that "the claim involves complex issues that are beyond the scope of analysis and legal

15   interpretation typically undertaken by GCP."  This action is timely filed within all applicable

16   statutes of limitation.

17             **V.  DAMAGES**

18        46.   As a direct and proximate result of the acts and omissions of Defendants,

19   and each of them, Plaintiff sustained damages, in an amount to be determined according to proof,

20   including but not limited to loss of freedom and incarceration in prison for at least 277 days,

21   extreme and prejudicial physical and mental mistreatment as a purported "escaped prisoner"

22   during that period, physical pain and suffering, emotional distress, fear, anxiety, inability to

23   proceed with his October 2016 wedding to his beloved or to be with his three young children,

24   humiliation, loss of personal reputation, embarrassment, loss of income, loss of physical liberty,

25   and the deprivation of his State and Federal Constitutional rights to be free from unreasonable

26   searches and seizures, to be free from unreasonable and unnecessary uses of force, to be free from

27   incarceration without due process, and to be free from bodily restraint and harm, as guaranteed by

28   the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the

1 | California Constitution, and California Civil Code Section 43.

2 |      47.    Plaintiff has incurred and will continue to incur attorney's fees to vindicate
3 | his rights, and thus is entitled to reasonable attorneys' fees according to proof.

4 |      48.    Plaintiff alleges on information and belief that the conduct of the individual
5 | defendants was intentional, reckless and oppressive and was done with the intent of depriving
6 | Plaintiff of his statutory and constitutional rights.  The acts of the individual defendants, therefore,
7 | are such that punitive damages should be imposed against them in an amount commensurate with
8 | the wrongfulness alleged herein.

9 | **VI.  JURY DEMAND**

10 |      49.    Plaintiff hereby demands a jury trial in this case.

11 | **FIRST CAUSE OF ACTION**
   (Violations of Civil Rights, 42 U.S.C. § 1983)
12 | (All Defendants)

13 |      50.    Plaintiff hereby realleges paragraphs 1 through 49 of this complaint, as
14 | though set forth fully herein.

15 |      51.    As a direct and proximate result of the individual Defendants' actions and
16 | omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment, Fifth
17 | Amendment, Eighth Amendment and the Fourteenth Amendment to the United States
18 | Constitution, and the Constitution and laws of the State of California, including but not limited to
19 | California Civil Code Sections 43, 52.1, and 51.7, as well as common law torts, in that plaintiff
20 | was wrongfully and without proper cause seized and incarcerated in prison in September 2016 and
21 | wrongfully detained there for at least 277 days, without due process and through the unreasonable
22 | use of deadly force,  and despite having been previously duly and officially and properly released
23 | from custody by virtue of having completed his required prison sentence.

24 |      52.    Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving
25 | Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless
26 | disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or
27 | omissions.

28 |      53.    As a direct and proximate result of Defendants' acts and/or omissions as set

1   forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 46 through 48,
2   above.

3           54.     The conduct of Defendants, and each of them, entitles Plaintiff to punitive
4   damages and penalties allowable under 42 U.S.C. § 1983.

5           55.     Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. §
6   1983 and as allowed by law.

7                           **SECOND CAUSE OF ACTION**
                    (Violation of Civil Rights, 42 U.S.C. § 1983)
8                       (Defendant CDCR, and Does 1-10)

9           56.     Plaintiffs hereby reallege paragraphs 1 through 55 of this complaint, as
10  though set forth fully herein.

11          57.     Defendant CDCR and Doe Defendants 1-10, as a matter of policy, practice
12  and custom, have with deliberate indifference failed to adequately train, instruct, monitor,
13  supervise or otherwise direct its officers, deputies, and employees, including the individual
14  Defendants herein, concerning the accurate and correct calculation of prison sentencing credits
15  and release dates, with deliberate indifference to citizens' and Plaintiff's constitutional rights,
16  which were thereby violated as described above.

17          58.     Plaintiff further alleges on information and belief that his experience is not
18  unusual or unique, and that Defendant CDCR has demonstrated a pattern of failing to accurately
19  calculate sentence release dates and resulting overdetention or re-incarceration of prison inmates
20  who actually should be deemed to have served their sentences, in violation of their constitutional
21  rights.

22          59.     The unconstitutional actions and/or omissions of the Defendants, and each
23  of them, as described above, were ordered, approved, tolerated, authorized, directed, and/or
24  ratified by policy making officers for the CDCR and Doe Defendants 1-10.

25          60.     As a direct and proximate result of the unconstitutional actions, omissions,
26  customs, policies practices and procedures of CDCR and Doe Defendants 1-10, Plaintiff
27  wrongfully suffered loss of liberty for at least 277 days without due process and despite having
28  been previously duly and officially and properly released from custody by virtue of having

1 | completed his required prison sentence, and Plaintiff as a proximate result also suffered additional

2 | losses as described in paragraphs 46 through 48 above.

3 | **THIRD CAUSE OF ACTION**
(Violations of California Civil Code § 52.1)

4 | (All Defendants)

5 | 61.   Plaintiff hereby realleges paragraphs 1 through 60 of this complaint, as

6 | though set forth fully herein.

7 | 62.   By their acts, omissions, customs, and policies, each Defendant acting in

8 | concert/conspiracy and by threats, intimidation, or coercion, as described above, violated

9 | Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights

10 | under the United States Constitution, and the laws of the State of California and the California

11 | Constitution:

12 |     a.   The right to be free from unreasonable searches and seizures as
secured by the Fourth and Fourteenth Amendments;

13 |

14 |     b.   The right to be free from incarceration and resulting loss of liberty
without due process;

15 |     c.   The right to be free from wrongful government interference in one's
freedom of expression and freedom of association with others, as
16 |          secured by the by the First, Fourth, and Fourteenth Amendments;

17 |     d.   The right to be free from unlawful and unreasonable seizures of
18 |          one's person, including the right to be free from unreasonable or
excessive force, as secured by the California Constitution, Article 1,
19 |          Section 13;

20 |     e.   The right to be free from wrongful government interference in one's
freedom of expression and freedom of assembly and association
21 |          with others, as secured by the California Constitution, Article 1,
22 |          Section 2;

23 |     f.   The right to protection from bodily restraint, harm, personal insult,
or injury to personal relations, as secured by California Civil Code
24 |          § 43.

25 | 63.   As a direct and proximate result of each and every Defendants' violations

26 | of California Civil Code §52.1 and of Plaintiff's rights under the United States Constitution and

27 | the laws and Constitution of the State of California, Plaintiff sustained injuries and damages, and

28 | against each and every Defendant is entitled to relief as set forth at paragraphs 46 through 48

1   above, including punitive damages against the defendants in their individual capacities, including

2   all damages and penalties allowed by California Civil Code §§ 52, 52.1, and California law,

3   including costs, attorneys fees, civil penalties, and punitive damages.

**FOURTH CAUSE OF ACTION**
(Violations of California Civil Code § 51.7)
(All Defendants)

6       64.   Plaintiff hereby realleges paragraphs 1 through 63 of this complaint, as

7   though set forth fully herein.

8       65.   By their acts, omissions, customs, and policies, each Defendant acting in

9   concert/conspiracy and by threats, intimidation, or coercion, as described above, and because of

10  Plaintiff's ancestry and race, violated Plaintiff's rights under California Civil Code §51.7, and the

11  following clearly-established rights under the United States Constitution, and the laws of the State

12  of California and the California Constitution:

    a.   The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.   The right to be free from incarceration and resulting loss of liberty without due process;

    c.   The right to be free from wrongful government interference in one's freedom of expression and freedom of association with others, as secured by the by the First, Fourth, and Fourteenth Amendments;

    d.   The right to be free from unlawful and unreasonable seizures of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    e.   The right to be free from wrongful government interference in one's freedom of expression and freedom of assembly and association with others, as secured by the California Constitution, Article 1, Section 2;

    f.   The right to protection from bodily restraint, harm, personal insult, or injury to personal relations, as secured by California Civil Code § 43.

26      66.   As a direct and proximate result of each and every Defendants' violations

27  of California Civil Code §52.1 and of Plaintiff's rights under the United States Constitution and

28  the laws and Constitution of the State of California, Plaintiff sustained injuries and damages, and

1  against each and every Defendant is entitled to relief as set forth at paragraphs 46 through 48

2  above, including punitive damages against the defendants in their individual capacities, including

3  all damages and penalties allowed by California Civil Code §§ 52, 52.1, and California law,

4  including costs, attorneys fees, civil penalties, and punitive damages.

### FIFTH CAUSE OF ACTION
(Negligence)
(All Defendants)

7      67.    Plaintiff hereby realleges paragraphs 1 through 66 of this complaint as

8  though fully set forth herein.

9      68.    At all times mentioned herein, defendants, and each of them, owed Plaintiff

10  a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

11      69.    At all times, each Defendants, and each of them, owed Plaintiff a duty to

12  act with reasonable care.

13      70.    These general duties of reasonable care and due care owed to Plaintiff by

14  all Defendants include but are not limited to the following specific obligations:

    a.    to accurately calculate sentencing credits and prison release dates;

    b.    to refrain from wrongfully seizing and incarcering Plaintiff without due process, i.e., notice and an opportunity to be heard;

    c.    to refrain from conduct that constitutes a substantial factor causing the violation of Plaintiff's rights;

    d.    to refrain from abusing their authority granted them by law;

    e.    to refrain from violating Plaintiff's rights guaranteed by law, including but not limited to his right to liberty and to freedom of assembly, freedom of association and freedom of expression;

23      71.    Additionally, these general duties of reasonable care and due care owed to

24  Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.    to properly and adequately hire, train, supervise, monitor and discipline their employees, agents and/or officials to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b.    to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

---

d.   to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraphs 34, 35, 57, and 58 above.

72.   Defendants' violations of Plaintiff's right to be free from seizure and detention without probable cause and without due process of law, use of unnecessary and unreasonable force, and violation of his right to freedom of expression and freedom of assembly and association, also constitute negligence *per se.*

73.   Defendants, through their aforesaid acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.  Defendant CDCR is also vicariously liable for the negligent conduct of those other defendants herein under their respective hiring, control, and supervision, in accordance with the principle of *respondeat superior.*

74.   As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages as described at length in paragraphs 46 through 48 above, and is entitled to relief.

## SIXTH CAUSE OF ACTION
(False Imprisonment)
(All Defendants)

75.   Plaintiffs hereby reallege paragraphs 1 through 74 of this complaint, as though set forth fully herein.

76.   Defendants knew or should have known that they imprisoned Plaintiff for an appreciable period of time commencing on or about September 12, 2016, without due process and without lawful justification, and in violation of California law and CDCR rules and regulations.

77.   Plaintiff did not consent to his unlawful and wrongful re-incarceration.

78.   As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of the defendants, Plaintiff wrongfully suffered loss of liberty for at least 277 days without due process and despite having been previously duly and officially and properly released from custody by virtue of having completed his required prison sentence, and Plaintiff as a proximate result suffered injuries as described in paragraphs 46 through 48 above.

## SEVENTH CAUSE OF ACTION
(Promissory Estoppel)
(All Defendants)

79.     Plaintiff hereby realleges paragraphs 1 through 78 of this complaint, as though set forth fully herein.

80.     Defendants promised Plaintiff in or about January 2016 that his prison release date would be July 14, 2016, based upon their calculation of his sentencing credits applicable to his amended judgment.  This promise was reasonably understood to mean that upon release on July 14, 2016, Plaintiff would be deemed to have served his debt to society and completed his prison incarceration term in accordance with the law, and, assuming successful completion of his post-incarceration parole, was entitled to enjoy his liberty as a citizen of the United States and the State of California without further incarceration for the 2011 2nd degree robbery.

81.     Plaintiff reasonably and in good faith relied to his detriment on the statements and promises of defendants that he would be released on July 14, 2016 in accordance with California law and CDCR rules and regulations.

82.     Plaintiff was in fact officially released from SVSP and CDCR custody on or about July 14, 2016, at which time he was paroled by the CDCR, and assigned a parole officer. Plaintiff then dutifully performed all his parole obligations, including but not limited to timely reporting to his parole officer as requested.

83.     Plaintiff reasonably relied in good faith and to his detriment on the actual conduct of defendants in officially releasing him from SVSP on or about July 14, 2016, representing to him that his release was in accordance with California law and CDCR rules and regulations, and that he had served his sentence as required by law after correctly applying all applicable sentencing credits as well as the reduction in the sentence enhancement from 5 years to 4 years.  Plaintiff reasonably and in good faith relied to his detriment on defendants' promissory statements and conduct in this regard to reasonably understand and in good faith believe that he had served his debt to society and completed his prison incarceration term in accordance with the law, and, assuming successful completion of his post-incarceration parole, was entitled to enjoy

1 his liberty as a citizen of the United States and the State of California without further incarceration

2 for the 2011 2nd degree robbery.

3         84.    Plaintiff did in fact observe and obey all conditions of his post-

4 incarceration parole as required by the CDCR for as long as he was permitted to do so by

5 defendants. Following his official release from prison on July 14, 2016, Plaintiff became engaged

6 to be married, with a wedding date set for October 18, 2016, spent time with his young children,

7 commenced paid employment, and in all other respects returned to life as a free and productive

8 citizen, in reliance upon the statements and conduct of defendants in repeatedly advising him that

9 as of July 14, 2017, he had completed his sentence for the 2011 2nd degree robbery.

10         85.    However, on or about September 12, 2016, in direct violation of the

11 promises made to Plaintiff upon which he reasonably and detrimentally relied, armed law

12 enforcement officers descended on Plaintiff's residence and seized Plaintiff under threat of force

13 and intimidation, advising him, incorrectly, that he was a prison escapee who they were taking

14 back to prison to be re-incarcerated under threat of deadly force. Plaintiff was afforded neither

15 notice nor an opportunity to be heard regarding defendants' assertion that he supposedly had

16 escaped and/or that he supposedly had not served his required prison sentence and must be

17 returned to incarceration and life as a convict.

18         86.    Plaintiff relied to his detriment on the promises and conduct of defendants

19 by becoming engaged to be married and undertaking employment and other responsibilities,

20 which obligations he was unable to fulfill as a result of defendants' subsequent conduct in re-

21 incarcerating him, without due process, contrary to their previous promises and conduct. In

22 addition, had defendants not misled Plaintiff and represented to Plaintiff that he would be deemed

23 to have completed his sentence on or about July 14, 2016, and not released him on that date, then

24 Plaintiff could have challenged defendants' calculations of his sentence credits and caused

25 defendants to acknowledge the actual, correct, calculation of his sentence and related credits, and

26 thereby avoid the severe injuries to himself and his family caused by defendants' subsequent

27 conduct in seizing and incarcerating him without due process and treating him as an "escaped

28 prisoner" placed in "the hole" in SQSP and without privileges afforded to inmates of model

1  behavior such as Plaintiff had always been while incarcerated previously for the 2011 2nd degree

2  robbery.

3      87.    It was reasonable and foreseeable that Plaintiff would rely on defendants'

4  promises that he would be released on July 14, 2016 and on their subsequent conduct of officially

5  releasing him from SVSP on or about July 14, 2016 in accordance with those promises, such that

6  Plaintiff would reasonably and foreseeably in reliance understand and in good faith believe that he

7  had served his debt to society and completed his prison incarceration term in accordance with the

8  law, and, assuming successful completion of his post-incarceration parole, was entitled to enjoy

9  his liberty as a citizen of the United States and the State of California without further incarceration

10  for the 2011 2nd degree robbery.

11      88.    As a direct and proximate result of his reasonable reliance to his detriment

12  on the promises and conduct of defendants, Plaintiff wrongfully suffered loss of liberty for at least

13  277 days without due process and despite having been previously duly and officially and properly

14  released from custody by virtue of having completed his required prison sentence, and Plaintiff as

15  a proximate result suffered injuries as described in paragraphs 46 through 48 above.

16                    **EIGHTH CAUSE OF ACTION**
                         (Equitable Estoppel)
17                        (All Defendants)

18      89.    Plaintiff hereby realleges paragraphs 1 through 88 of this complaint, as

19  though set forth fully herein.

20      90.    Defendants told Plaintiff in or about January 2016 that his prison release

21  date would be July 14, 2016, based upon their calculation of his sentencing credits applicable to

22  his amended judgment.  This statement was reasonably understood to mean that upon release on

23  July 14, 2016, Plaintiff would be deemed to have served his debt to society and completed his

24  prison incarceration term in accordance with the law, and, assuming successful completion of his

25  post-incarceration parole, was entitled to enjoy his liberty as a citizen of the United States and the

26  State of California without further incarceration for the 2011 2nd degree robbery.

27      91.    Plaintiff reasonably and in good faith relied to his detriment on the

28  statements of defendants that he would be released on July 14, 2016 in accordance with California

1 | law and CDCR rules and regulations.

2 | 92.    Plaintiff was in fact officially released from SVSP and CDCR custody on
3 | or about July 14, 2016, at which time he was paroled by the CDCR, and assigned a parole officer.
4 | Plaintiff then dutifully performed all his parole obligations, including but not limited to timely
5 | reporting to his parole officer as requested.

6 | 93.    Plaintiff reasonably relied in good faith and to his detriment on the actual
7 | conduct of defendants in officially releasing him from SVSP on or about July 14, 2016,
8 | representing to him that his release was in accordance with California law and CDCR rules and
9 | regulations, and that he had served his sentence as required by law after correctly applying all
10 | applicable sentencing credits as well as the reduction in the sentence enhancement from 5 years to
11 | 4 years.  Plaintiff reasonably and in good faith relied to his detriment on defendants' promissory
12 | statements and conduct in this regard to reasonably understand and in good faith believe that he
13 | had served his debt to society and completed his prison incarceration term in accordance with the
14 | law, and, assuming successful completion of his post-incarceration parole, was entitled to enjoy
15 | his liberty as a citizen of the United States and the State of California without further incarceration
16 | for the 2011 2nd degree robbery.

17 | 94.    Plaintiff did in fact observe and obey all conditions of his post-
18 | incarceration parole as required by the CDCR for as long as he was permitted to do so by
19 | defendants. Following his official release from prison on July 14, 2016, Plaintiff became engaged
20 | to be married, with a wedding date set for October 18, 2016, spent time with his young children,
21 | commenced work, and in all other respects returned to life as a free and productive citizen, in
22 | reliance upon the statements and conduct of defendants in repeatedly advising him that as of July
23 | 14, 2017, he had completed his sentence for the 2011 2nd degree robbery.

24 | 95.    However, on or about September 12, 2016, in direct violation of the
25 | statements and conduct described above in releasing Plaintiff, upon which he reasonably and
26 | detrimentally relied, armed law enforcement officers descended on Plaintiff's residence and seized
27 | Plaintiff under threat of force and intimidation, advising him, incorrectly, that he was a prison
28 | escapee who they were taking back to prison to be re-incarcerated under threat of deadly force.

Plaintiff was afforded neither notice nor an opportunity to be heard regarding defendants' assertion that he supposedly had escaped and/or that he supposedly had not served his required prison sentence and must be returned to incarceration and life as a convict.

96. Plaintiff relied to his detriment on the statements and conduct of defendants by becoming engaged to be married and undertaking employment and other responsibilities, which obligations he was unable to fulfill as a result of defendants' subsequent conduct in re-incarcerating him, without due process, contrary to their previous promises and conduct. In addition, had defendants not misled Plaintiff and represented to Plaintiff that he would be deemed to have completed his sentence on or about July 14, 2016, and not released him on that date, then Plaintiff could have challenged defendants' calculations of his sentence credits and caused defendants to acknowledge the actual, correct, calculation of his sentence and related credits, and thereby avoid the severe injuries to himself and his family caused by defendants' subsequent conduct in seizing and incarcerating him without due process and treating him as an "escaped prisoner" placed in "the hole" in SQSP and without privileges afforded to inmates of model behavior such as Plaintiff had always been while incarcerated previously for the 2011 2nd degree robbery.

97. It was reasonable and foreseeable that Plaintiff would rely on defendants' statements that he would be released on July 14, 2016 and on their subsequent conduct of officially releasing him from SVSP on or about July 14, 2016 in accordance with those statements, such that Plaintiff would reasonably and foreseeably in reliance understand and in good faith believe that he had served his debt to society and completed his prison incarceration term in accordance with the law, and, assuming successful completion of his post-incarceration parole, was entitled to enjoy his liberty as a citizen of the United States and the State of California without further incarceration for the 2011 2nd degree robbery.

98. As a direct and proximate result of his reasonable reliance to his detriment on the statements and conduct of defendants, Plaintiff wrongfully suffered loss of liberty for at least 277 days without due process and despite having been previously duly and officially and properly released from custody by virtue of having completed his required prison sentence, and

1   Plaintiff as a proximate result suffered injuries as described in paragraphs 46 through 48 above.

2                             **NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)
3                                 (All Defendants)

4           99.     Plaintiff hereby realleges paragraphs 1 through 98 of this complaint, as

5   though set forth fully herein.

6          100.    Defendants' conduct in failing to give notice to Plaintiff of their intention

7   to re-incarcerate him and by having him labeled as an "escaped prisoner," rather than as a person

8   duly and officially released from prison by defendants, was outrageous.

9          101.    Defendants in failing to give notice to Plaintiff of their intention to re-

10   incarcerate him and by having him labeled as an "escaped prisoner," rather than as a person duly

11   and officially released from prison by defendants, acted with reckless disregard of the probability

12   that Plaintiff would suffer serious and severe emotional distress as a result of said conduct.

13          102.    Defendants in failing to give notice to Plaintiff of their intention to re-

14   incarcerate him and by having him labeled as an "escaped prisoner," rather than as a person duly

15   and officially released from prison by defendants, proximately caused and was a substantial factor

16   in causing Plaintiff to suffer serious and severe emotional distress as a result of said conduct and

17   thereby being seized under threat of deadly force on September 12, 2016, thrown in "the hole" at

18   SQSP, and being incarcerated for nine months and four days in SVSP as a "C status," meaning as

19   an escaped prisoner, and deprived of all privileges, including but not limited to full visitation and

20   recreational privileges afforded a prisoner of good conduct, as Plaintiff's had always been during

21   the period of his previous incarceration and during his period on parole.

22         WHEREFORE Plaintiff prays for judgment as follows:

23          1.     For general damages, including to compensate him for loss of liberty,

24                motional distress, pain and suffering, according to proof at the time of trial,

25          2.     For special damages, including loss of earnings, according to proof at the

26                time of trial;

27          3.     For punitive and exemplary damages as against the individual defendants

28                commensurate with the acts complained of herein;

1      4.    For costs of suit and reasonable attorneys' fees;

2      5.    For actual damages, punitive and exemplary damages, a civil penalty of

3            $25,000, and attorneys fees under California Civil Code §§ 52 and 52.1;

4      6.    For such other and further relief and damages as the Court may deem just

5            and proper.

6 DATED: July 30, 2018                    Respectfully submitted,
                                          HELBRAUN LAW FIRM

7

8

9                                         DAVID M. HELBRAUN
                                          Attorneys for Plaintiff
10                                        TROY ALEXANDER RICHARDSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28