# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TROY ALEXANDER RICHARDSON,**<br>Plaintiff,<br>vs.<br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL.,**<br>Defendants. | CASE NO. 18-cv-04620-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 19 |

The Court carefully reviewed the parties' papers filed in connection with the Motion of defendants California Department of Corrections and Rehabilitation (CDCR), *et al.*, to Dismiss the First Amended Complaint of plaintiff Troy Alexander Richardson (Dkt. No. 19) and issued a tentative ruling on the motion on January 5, 2019. (Dkt. No. 27.) No party requested oral argument and the hearing was vacated. The Court now **ORDERS** as follows:

First, defendants withdrew their argument that California Government Code section 845.8 bars plaintiff's claims (Reply at 2:4-5). The motion to dismiss on these grounds is **DENIED**.

Second, Richardson concedes that defendant S. Kernan should be dismissed. (*See* Oppo. at 3, fn. 1; Helbraun Decl. ¶ 4.) Therefore, the motion to dismiss as to defendant Kernan is **GRANTED WITHOUT LEAVE TO AMEND**.

On the merits of the motion to dismiss Richardson's claims against the remaining two warden defendants, Davis and Hatton, the motion is **DENIED**.

Under section 1983, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A claim that a government official knew of

unconstitutional conditions and "culpable actions of his subordinates" but failed to act amounts establishes acquiescence, *id.*, or if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he kn[e]w or reasonably should [have] know[n], would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Further, a section 1983 claim is stated against a defendant if plaintiff alleges facts which would show that he "disregarded the known or obvious consequences that a particular omission in [the agency's] training program would cause . . . employees to violate citizens' constitutional rights." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting *Connick v. Thompson*, 563 U.S. 51, 51-52 (2011)).

Similarly, under California's Government Code section 820.8, individuals cannot be found liable vicariously for injuries caused by the action or inaction of another, but they can be liable for their own involvement in the wrongful conduct. *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 990, 1000 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018) (supervisory defendants cannot be liable for subordinates' use of excessive force, pursuant to section 820.8, but can be liable for their own witnessing and directing subordinates to violate plaintiffs' rights); *McKay v. City of Hayward*, 949 F.Supp.2d 971, 988 (N.D.Cal.2013) ("[T]he failure to intervene in another officer's use of excessive force is an independent omission, and not a claim immunized by California Government Code § 820.8.").

Thus, in order to state a claim against these defendants under section 1983 and avoid statutory immunity under California law pursuant to Government Code section 820.8, Richardson must allege a basis for liability which shows Davis and Hatton were directly involved in the alleged wrongful conduct or had knowledge of the wrongful conduct and acquiesced in it. Richardson has done so in the FAC. (*See* FAC ¶¶ 36-41, 57, 74.)

However, Richardson concedes that the FAC needs to be amended in some respects to clarify that defendants Hatton and Davis are sued in their individual capacities in the federal law claims, and to correct typographical errors as to certain dates. (*See* Oppo at 3:14-15 and fn. 1, 5:1-4; Helbraun Decl. ¶ 3.) Richardson is therefore **GRANTED LEAVE TO AMEND** to correct these deficiencies.

Richardson may also amend the complaint to include the additional allegations offered in opposition. Plaintiff indicated that he could amend to add allegations to the effect that defendants Davis and Hatton were advised of escaped prisoners and inmates subjected to administrative segregation, and that plaintiff notified these defendants that was returned to prison wrongly. (*See* Oppo. at 3, 5, n.2 14-15; Helbraun Decl. ¶¶ 5, 6.) While the Court does not find the allegations necessary to state a viable claim, they serve to clarify Richardson's theory of liability against these two defendants. Any amendments beyond the limits set forth herein must be sought by way of a noticed motion for leave to amend.

Richardson shall file his Second Amended Complaint within 14 days of entry of this Order. Defendants shall file their answer within 14 days thereafter.

This terminates Docket No. 19.

**IT IS SO ORDERED.**

Dated: January 9, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**